IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSS FIORANI,<br>a/k/a Rosario A. Fiorani,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEWLETT PACKARD CORP., et al.,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:  Civ. No. 13-121-RGA<br>:<br>:<br>:<br>: |

Ross Fiorani, Kingstowne, Virginia.  Pro Se Plaintiff.


**MEMORANDUM OPINION**


April 26, 2013
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Ross Fiorani of Kingstowne, Virginia, filed this action raising state and federal claims. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is a frequent filer in the federal courts. His practice of filing frivolous lawsuits in the United States District Court for the Northern District of Virginia resulted in a prefiling injunction that prohibits him from "filing [ ] actions in federal district court without prior leave of court." *See Fiorani v. Chrysler-Dodge Corp.*, 2011 WL 1085034, at *1 (E.D. Va. May 12, 2000). Plaintiff filed the instant complaint on January 22, 2013. It contains fifteen counts, all related to the purchase of computers. On March 12, 2012, Plaintiff filed a similar complaint in the United States District Court for the Northern District of California, San Francisco Division, *Fiorani v. Hewlett-Packard*, Civ. No. 12-1240-JST, followed by a nearly identical amended complaint on January 22, 2013. The California case remains pending. Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28. "A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Other circuits have offered more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). *See also Harper v. Rudek*, 487 F. App'x 467 (10th Cir. 2012).

The claims Plaintiff raise in this District Court were raised by him in the case he filed in 2012 in the United States District Court for the Northern District of California. An *in forma pauperis* complaint that duplicates allegations of another pending federal lawsuit by the same plaintiff should be dismissed as malicious. *See Pittman*, 980 F.2d at 994-95. The Court finds that the instant Complaint falls squarely in the category of malicious litigation. Therefore, the Complaint will be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order will be entered.